UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION
2016 TERM

BOARD OF TRUSTEES OF THE
INDIANA LABORERS PENSION FUND,
    Plaintiff,

VS.                                        CASE NO. 2:16-CV-137

KENNETH DAY,
    Defendant.

## COMPLAINT FOR EQUITABLE RELIEF AND ENFORCEMENT OF EMPLOYEE WELFARE BENEFIT PLAN

Comes now the Plaintiff, Board of Trustees of Indiana Laborers Pension Fund (the "Fund") by and through its attorney, Derek W. Conner, of the law firm Wright, Shagley & Lowery, P.C., and for its cause of action against the Defendant, Kenneth Day, alleges and says:

### Jurisdiction

1. This Court has subject matter jurisdiction over this civil action based upon Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), specifically codified at 29 U.S.C. §1132(a)(3), in that the Plaintiff is a fiduciary seeking to "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. §1132(a)(3).

2. The Fund is an "employee welfare pension plan" as defined by 29 U.S.C.A. § 1002, with its principal place of business and administrative office located at 413 Swan Street, Terre Haute, IN 47807, and brings this action on behalf of the Fund's trustees, participants and beneficiaries.

3. Defendant is an individual residing at 4826 Shallow Water Place, Indianapolis, IN 46268-6806.

4. Pursuant to 29 U.S.C. § 1132(e), the federal district courts of the United States have exclusive jurisdiction over this type of action, which may be filed in any district where the fund is administered. This Court is the proper venue for this action, as the Fund is administered in Terre Haute, Indiana with its office located at 413 Swan Street, Terre Haute, IN 47807.

## Facts

5. The Fund provides benefits to its participants in accordance with the terms of its Pension Plan Document (the "Plan").

6. Defendant is the son of deceased Fund participant, Herman Day. Herman Day was a retired participant and drawing retirement benefits from the Fund prior to his death. Retirement benefits were to cease upon the participant's death.

7. Herman Day deceased on or about July 20, 2015, however, the Fund was not notified of his passing and continued to pay retirement benefits via direct deposit to his bank account for August and September of 2015.

8. Defendant was the named beneficiary on Herman Day's retirement account.

9. Upon examining its records and conducting an account audit, Plaintiff has determined that Defendant has retained an overpayment of benefits in the amount of Two Thousand Eight Hundred Eight Dollars and 58/100 ($2,808.58).

10. Plaintiff and counsel for the Plaintiff have each requested the return of the overpaid and mistaken benefits. Copies of said correspondence are attached hereto, incorporated herein and designated Exhibits "A" and "B," respectively.

11. Defendant has failed to return the funds or otherwise respond to Plaintiff or counsel's requests to return said benefits.

## **Claims for Relief**

### COUNT ONE: ENFORCEMENT OF PLAN,
### UNJUST ENRICHMENT AND RESTITUTION

12. Plaintiff incorporates by reference rhetorical paragraphs 1 through 11.

13. Pursuant to ERISA, Plaintiff is entitled to obtain appropriate equitable relief to redress violations of the Plan or to enforce any provisions of this subchapter or the terms of the Plan to enforce the terms of the Plan. *See* 29 U.S.C. §1132(a)(3)(B).

14. The overpayment and receipt of erroneous Plan benefits is a violation of the Plan.

15. Moreover, Defendant has been unjustly enriched by retaining said benefits to which he was not entitled and restitution is warranted.

16. The Fund has formally requested a return of the overpaid benefits but Defendant has failed to return any portion thereof and remains liable thereon.

17. Pursuant to 29 U.S.C. 1132(g), the Court in its discretion may allow reasonable attorney's fees and costs of action incurred by Plaintiff in bringing this action against the Defendant.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant in the sum of Two Thousand Eight Hundred Eight Dollars and 58/100 ($2,808.58) plus prejudgment interest, reasonable attorney fees, the costs of this action, and for all other just and appropriate relief in the premises.

### COUNT TWO: STATE LAW CONVERSION AND TREBLE DAMAGES

18. Plaintiff incorporates, by reference, paragraphs 1 through 17 in its Complaint.

19. This Court has pendent jurisdiction over this claim pursuant to 28 U.S.C. § 1367 *et seq.* and Plaintiff brings this claim for treble damages allowed in certain civil actions by crime victims under Indiana Code § 34-24-3 *et seq*.

20. By retaining the overpaid pension benefits erroneously paid to the deceased beneficiary, Defendant has knowingly or intentionally exerted unauthorized control over the property of another, which constitutes conversion under Indiana Code 35-43-4-3.

21. Pursuant to Indiana Code 34-24-3-1, if a person suffers a pecuniary loss as a result of a violation of Indiana Code 35-43 *et seq.*, a person may bring a civil action against the person who caused the loss for recovery of treble damages, the costs of the action, reasonable attorney's fees, actual travel expenses, and all other reasonable costs of collection.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant in the sum of Two Thousand Eight Hundred Eight Dollars and 58/100 ($2,808.58) for actual damages, treble damages in the sum of Five Six Hundred Seventeen Dollars and 16/100 ($5,617.16), plus prejudgment interest, the costs of this action, reasonable attorney's fees, and for all other just and appropriate relief in the premises.

Respectfully submitted,

WRIGHT, SHAGLEY & LOWERY, P.C.
500 Ohio Street
P.O. Box 9849
Terre Haute, IN 47808
Phone:   (8l2) 232-3388
Fax #:   (812) 232-8817


By: ___/s/ Derek W. Conner_____
       Derek W. Conner (#29871-84)
       Attorneys for Plaintiff